NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Supreme Court
29347
07-MAR-2011
08:12 AM**

NO. 29347

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
WANDA RURIKO MITA, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(HPD Criminal No. 164978DL (1P108009607))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Wanda Ruriko Mita (Mita) appeals from the Judgment filed on August 28, 2008 in the District Court of the First Circuit, Honolulu Division (district court).[1]

The district court convicted Mita of Animal Nuisance, in violation of Revised Ordinances of Honolulu (ROH) § 7-2.3.

On appeal, Mita contends that in finding her guilty, the district court erred because (1) the State of Hawai'i (State) failed to prove beyond a reasonable doubt that Mita owned the barking dogs, (2) the State failed to prove beyond a reasonable doubt that Mita acted with the requisite state of mind, (3) the State failed to prove beyond a reasonable doubt that the dogs

_____

[1] The Honorable Faye M. Koyanagi presided.

were barking in violation of ROH § 7-2.3, (4) the charge was insufficient, (5) ROH § 7-2.3 is unconstitutionally vague, and (6) the State failed to prove that Mita had been issued a citation by a qualified animal control officer.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Mita's points of error as follows:

The charge was sufficient. State v. Mita, 124 Hawai'i 385, 245 P.3d 458 (2010).

Mita's claim that ROH § 7-2.2(a) is unconstitutionally vague is without merit. Mita's only argument on appeal is that "the ordinance does not make clear what amount of barking by a dog would constitute 'noise intermittently for one-half hour or more to the disturbance of any person at any time of day or night' which would violate [ROH] Sec. 7-2.2(a)." Intermittent means "starting and stopping at intervals." Webster's II New College Dictionary, 593 (3d ed. 2005). The ordinance does not specify an amount of barking because it prohibits any amount of barking that starts and stops in intervals for one-half hour or more that disturbs a person at any time. The plain language of ROH § 7-2.2(a) is not vague so as to make it unconstitutional.

Mita's objection to the State's failure to prove that the citation was issued by a police officer or animal control contractor who has been deputized by the chief of police as a special officer is without merit. The plain language of the ROH § 7-2.3 charge does not include issuance of a citation by a police officer or animal control officer as an element of the charge. As stated in Mita, 124 Haw. at 391, 245 P.3d at 464, "in order for a person to be found guilty of violating ROH § 7-2.3, the State must prove (1) that person is the owner of an animal,

2

farm animal or poultry which (2) engaged in animal nuisance."
Thus, the failure to prove that the citation was issued by a
police officer or animal control officer is not an element of the
offense.

Mita's remaining points of error challenge the
sufficiency of the evidence to find her guilty of Animal
Nuisance. Mita claims the State failed to prove beyond a
reasonable doubt that (1) she was the owner of the barking dogs,
(2) the dogs were barking in violation of ROH § 7-2.3, and (3)
Mita acted with the requisite state of mind.

When the evidence is considered in the light most
favorable to the State together with all reasonable inferences,
including circumstantial evidence, there was substantial evidence
to find Mita guilty. Dianne Lo (Lo) testified that she lived
behind Mita's residence and called Mita several times regarding
the barking dogs. Mita called Lo back and stated that it was not
her dogs that were barking. Lo knows that one of the dogs is
named Obie because the dog responded to her when she called it by
name. The dogs that Lo complained about were the same dogs that
she observed in Mita's yard. Lo knows the sound of Mita's dogs'
bark because they have a very distinct bark. There was
substantial evidence that Mita was the owner of the two barking
dogs as defined in ROH § 7-2.2.

Mita points to the fact that there was no evidence
presented showing dog licenses, certified records from the Bureau
of Conveyances of the State of Hawai'i or Land Court showing who
owned the property on which the barking dogs were found, whether
Mita fed the dogs, paid for the dogs' licenses, tied or untied
the dogs, or whether the dogs responded to Mita's call. However,
absence of such evidence does not preclude a finding that Mita
owned the dogs that were barking. The definition of "owner" does
not require proof of ownership of land upon which the dogs were

3

barking. ROH § 7-2.2 states that a person can be an "owner" whether or not the dogs were licensed. Therefore, evidence of the dogs' licenses or who paid for a dog license is not determinative of whether Mita is the owner of the dogs. Likewise, feeding of the dogs, tying or untying the dogs, or calling to the dogs is also not determinative of whether Mita is the owner of the dogs. Lastly, Mita contends that Eric Mita, Casey Mita, and Codi Mita also lived on the property, which could make them the owners of the dogs. Mita claims the State did not "prove beyond a reasonable doubt that the dogs were in fact not owned by Eric Mita, Casey Mita, or Codi Mita." Whether there were also other co-owners of the dogs does not preclude that Mita is an owner of the dogs as defined in ROH § 7-2.2.

Lo testified that on June 3, 2008, she heard Mita's two dogs barking from 7:45 p.m. to 8:50 p.m. Lo stated that she closes the windows and turns up the TV, but can still hear the barking of Mita's dogs.

Alice Thomas (Thomas) testified that she can only sleep between 6:00 p.m. and 9:00 p.m. because she works one full-time and one part-time job. Thomas noted on a tablet that on June 3, 2008, Mita's dogs were barking from 7:45 p.m. to 8:45 p.m.

There was substantial evidence that on June 3, 2008 Mita's two dogs made noise continuously for a period of 10 minutes or intermittently for one-half hour or more to the disturbance of any person at any time of the day or night.

Lo testified that she complained to Mita by leaving telephone messages about the barking by Mita's dogs. Thomas also testified that she previously complained to Mita about her dogs barking. There was substantial evidence that Mita acted at least recklessly when she consciously disregarded a substantial and unjustifiable risk that her barking dogs were engaged in animal nuisance.

4

Therefore,

The Judgment filed on August 28, 2008 in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:  Honolulu, Hawai'i, March 7, 2011.

On the briefs:

Gary Y. Okuda
(Leu & Okuda)
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge